# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Civil No. – JFM-10-2039 |
| | * | Criminal No. – JFM-04-0377 |
| ANTONIO STEWART | * | |

## MEMORANDUM

Antonio Stewart has filed this motion under 28 U.S.C. §2255. The motion will be denied.

No extensive discussion is required. Stewart's claim is for ineffective assistance of counsel and a due process violation is based upon his contention that in imposing a sentence upon him, this court cannot consider him to be an Armed Career Criminal because his previous conviction under Maryland law for assault was not a violent felony.

Apart from the fact that Stewart admitted that he was an Armed Career Criminal and agreed to a sentence of 180 months under Fed. R. Crim. P. 11(c)(1)(C), he misreads the law. According to him, under *Johnson v. United States*, 130 S.Ct. 1265 (2010), and its progeny, this court could not consider the facts underlying his assault conviction to determine whether his conviction was for a violent felony. This contention is wrong. *Johnson* itself, as well as *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), upon which Stewart relies, clearly established that a court should adopt a "modified categorical approach" to determine if a defendant's previous conviction was for a violent felony. Although *Alston* held that the defendant's previous conviction in that case could not be considered one for a violent felony because it was based upon an *Alford* plea, the Fourth Circuit, citing *Johnson*, expressly noted that under Maryland law

"second-degree assault encompasses several distinct crimes, some of which qualify as violent felonies and others which did not." 611 F.3d at 223. Here, the facts underlying Stewart's assault conviction establish that he struck the victim "about the face with a belt." Although not the worst assault that can be imagined, this constitutes violent conduct.

A separate order effecting the ruling made in this memorandum is being entered herewith.


Date: November 30, 2010     /s/
                                       J. Frederick Motz
                                       United States District Judge